IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

CHARLENE BREEDLOVE-JONES,

      Defendant.

:
:
:
:
:
:
:
:
:

Case No. 2:07-cr-212

JUDGE ALGENON L. MARBLEY

## OPINION & ORDER

This matter comes before this Court on Defendant Charlene Breedlove-Jones's Motion to Vacate Restitution Order. (ECF No. 34). The Government opposes Ms. Breedlove-Jones's request. (ECF No. 36).  For the reasons set forth below, the Motion (ECF No. 34) is **DENIED.**

### I.      BACKGROUND

On October 29, 2007, Ms. Breedlove-Jones pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. S1349 and 18 U.S.C. 1344. (ECF No. 9 at 1). On August 8, 2018, this Court sentenced Ms. Breedlove-Jones to three (3) months imprisonment, five (5) years supervised release, and ordered her to pay restitution in the amount of $23,363.44 to the victims of the offense. (ECF No. 20). On June 17, 2011, however, this Court revoked Ms. Breedlove-Jones's supervised release and sentenced her to twelve (12) months and one (1) day of incarceration for violations of  her supervised release terms. (ECF No. 33).

In this current Motion, Ms. Breedlove-Jones requests that this Court vacate the restitution order in this case. (ECF No. 34 at 3). In June 2025, the Treasury Offset Program began taking 15% of her retirement checks to pay towards her unpaid restitution that has now accrued interest. (*Id.* at 1-3). She contends that she is 67 years old, has various medical issues, and that it would

1

take well over 14 years to pay her restitution due to financial hardship. (*Id.* at 3). As of

September 2025, Ms. Breedlove-Jones's restitution balance was $28,386.81. (ECF No. 36).

## II.    LAW AND ANALYSIS

First, under the Mandatory Victim Restitution Act (the "MVRA"), 18 U.S.C. §

3663A, this Court was required to order Ms. Breedlove-Jones to pay restitution as she pleaded

guilty to a crime of fraud. *United States v. Holley*, 2019 WL 1756258, at *2 (E.D. Ky. Apr. 19,

2019), *aff'd,* 2020 WL 2316052 (6th Cir. Jan. 29, 2020). Additionally, courts must not consider

the economic circumstances of the defendant when setting restitution but rather are required to

order restitution in the full amount of the victim's losses. *Id.* (citing  18 U.S.C. § 3664(f)(1)(A)).

As such, even if this Court were entitled to vacate its restitution order, this Court finds that

financial hardship would not be a valid reason.

Second, under 18 U.S.C. § 3664(o), an order of restitution is a final judgment and can

only be modified under four circumstances: (1) the sentence can be corrected under Rule 35 of

the Federal Rules of Criminal Procedure and 18 U.S.C. § 3742; (2) appealed and modified

under 18 U.S.C. § 3742; (3) amended under subsection (d)(5); or adjusted under 18 U.S.C. §§

3664(k), 3572, or 3613A. *See* 18 U.S.C. § 3664(o). None of these circumstances applies here.

Ms. Breedlove Jones is not requesting correction of a technical error, and her Motion is beyond

the 14-day Rule 35(a) limit, she did not appeal her sentencing order, she is not seeking to

increase the amount of restitution, and finally, she is not seeking to alter the restitution schedule

due to a material change in economic circumstances. *See United States v. Blanchard/Somero*,

2017 WL 1329453, at *1 (E.D. Mich. Apr. 11, 2017) (discussing the circumstances in which a

court may modify a restitution order).

Here, Ms. Breedlove-Jones requests this Court vacate its order requiring her to pay restitution and have her removed from the Treasury Offset Program. (ECF No. 34 at 3). As mentioned above, this Court does not have authority to vacate its order under 18 U.S.C. § 3664(o) and Ms. Breedlove-Jones cites to no other authority indicating that this Court is entitled to vacate its order. Additionally, this Court does not have the authority to review the operation of the Treasury Offset Program. *Blanchard/Somero*, 2017 WL 1329453, at *2 ("The Treasury Offset Program is an administrative procedure designed to collect debts owed to the United States, and this court has no authority to review the operation of that program. Defendant's relief, if any, is through the Treasury Offset Program.). As such, this Court cannot vacate its restitution order or have her removed from the Treasury Offset Program.

### III.    CONCLUSION

Accordingly, it is hereby ordered that the Motion (ECF No. 34) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 30, 2026**

3